Landon, P. J.
Plaintiff cut, drew and piled a quantity I of wood for the defendants, under a contract with them which specified the length and thickness into which the wood should be cut and split, and the manner in which it should be piled; the wood to be inspected by the defendants, and the portion thereof found, upon inspection, not conforming to the contract to be rejected. Upon inspection plaintiff was dissatisfied with the amount defendants proposed to reject and not pay for. It was finally agreed that twenty per cent, of the entire quantity should be rejected. The defendants then paid the plaintiff for the entire, amount, less twenty per cent., and took his receipt in full for all demands up to date. The amount rejected was 106.35 cords.
The plaintiff’s contention ■ on the trial was that it was a part of the agreement between him and the defendants at the time the twenty per cent deduction was agreed to, that if the defendants sold or concluded to take the rejected wood they would pay him for it. This the defendants denied, and claimed that the twenty per cent deduction was final without any contingent further liability to the plaintiff. The defendants afterwards did take and sell the rejected wood.
The referee found that the plaintiff was entitled to recover the contract price for it. We think this finding is amply sustained by the evidence. The theory upon which *317 the defendants rejected the wood, which did not conform to the contract, was, that their customers would not take it. It obviously would make a material difference whether the inspector was content with a substantial compliance with the terms of the contract, or exacted strict compliance. In agreeing upon a twenty per cent rejection and a contingent further payment, both parties were safe; the defendants would pay for no more than they could market, and the plaintiff would get pay for all they could market, and the result would be that the market inspection would be accepted by both as the fair inspection.
We make these remarks because the defendants’ counsel insists that the defendants, as business men, would not make such a foolish bargain as the referee has found they ■did.
We have examined the exceptions taken by the defendants and find none which would justify a reversal.
Judgment affirmed, with costs.
Fish and Parker, JJ., concur.